BORNN v. PAGE, Deputy Collector of Internal Revenue.

No. 7931.

District Court, E. D. New York.

May 4, 1936.

House, Holthusen & McCloskey, of New York City, for plaintiff.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant.

GALSTON, District Judge.

This is a motion to enjoin the defendant during the pendency of the action from interfering further with the possession by the plaintiff of any and all books, records, papers, and documents which are the property of the plaintiff.

The complaint sets forth that on May 25, 1935, the United States commenced an action against the plaintiff and another, alleging illegal diversion by the plaintiff of specially denatured alcohol in contravention of the laws of the United States and in violation of a permit theretofore issued to the plaintiff, and also alleging that on July 10, 1935, a second action was brought, alleging also illegal diversion of an additional quantity of denatured alcohol, likewise in contravention of the laws and in violation of the plaintiff's permit. Thereafter on December 12, 1935, for the purpose of assisting the United States to prepare for the trials of these actions, the plaintiff was served with a summons pursuant to the provisions of title 26, U.S.Code, § 1515 (a), 26 U.S.C.A. § 1515 (a). This summons called upon the plaintiff to appear before the defendant on December 19, 1935, to testify in the tax suit pending and to produce books, papers, and documents covering the receipt, manufacture, and sale of alcohol from January 1, 1924, to March, 1932.

The complaint alleges that on or about December 15, 1935, the defendant took into his possession virtually all of the books and records of the plaintiff relating to such business transactions to the plaintiff for the period stated. The plaintiff has requested a return of the books, but the defendant continues to retain possession of them. The plaintiff alleges that it is impossible for the plaintiff to prepare for the trial of the aforesaid actions at law, and that he is hampered and impeded because of the retention of the books by the defendant, and that he has no adequate remedy at law. The plaintiff, therefore, seeks to have the summons vacated and the defendant enjoined from interfering with the plaintiff in taking and retaining possession and control of the books in question.

The answer, among other allegations, sets forth that the examination of the books was begun promptly upon their production by the plaintiff and that it has not yet been completed; that to give up possession would defeat and prevent the completion of the examination of the books and a scrutiny of the transactions of the plaintiff as a user of specially denatured spirits. It also appears from the allegations of the answer that from the examination thus far made, the plaintiff violated the terms and conditions of his permits and applied the spirits to unauthorized use thereby defrauding the United States of the taxes which under the laws were levied upon said spirits.

Finally, it is alleged that the defendant does not deny access to the plaintiff to the

books and papers in question and that the defendant will not maintain his custody of these books longer than is necessary to the protection of the interests of the United States. The supporting affidavit presents nothing essentially different from the allegations of the complaint, but the reply affidavit of Joseph A. Tatro, an investigator in the United States Department of Justice and deputy collector of internal revenue, sets forth in detail why continued possession of the books by the defendant is necessary.

The title of the internal revenue act (26 U.S.C.A. § 1515 (a) supporting the issuance of the summons in question reads in part as follows: "(a) General authority. It shall be lawful for the collector, subject to the provisions of this section to summon any person to appear before him and produce books at a time and place named in the summons, and to give testimony or answer interrogatories, under oath, respecting any objects or income liable to tax or the returns thereof. The collector may summon any person residing or found within the State or Territory in which his district lies."

■■ That the summons was lawfully issued cannot be gainsaid. On the other hand, it would certainly be an abuse of the authority conferred indefinitely to retain possession of the plaintiff's records. The time must come within a reasonable period when he should be entitled to a return of his property. What is a reasonable time, nevertheless, is one which cannot be determined except by the circumstances of the case. In the present instance the check-up by government officials apparently covers a wide range of inquiry and it cannot be asserted with any degree of certainty that twelve weeks—the period during which the government has had possession of the records—is unreasonable. Nor is a case of irreparable injury made out on the pleadings and affidavits. The fact that the defendant offers free and unrestricted inspection of these records while in his possession to representatives of the plaintiff cannot be ignored. The inconvenience thus caused falls short of irreparable injury.

It may also be observed that to grant the relief sought by this motion would leave the action itself suspended because the prayer for final relief is in fact no greater than that which is the object of this motion, in fact is identical therewith.

It may be pointed out in conclusion that if grounds exist there is nothing to prevent the plaintiff from moving for a preferred position on the calendar and a speedy trial of the case. The motion must accordingly be denied.

Settle order on notice.